UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

KEEGAN MOHAMMED,

                    Plaintiff,

    -against-

CITY OF NEW YORK and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                    Defendants.

----------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

Plaintiff KEEGAN MOHAMMED, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KEEGAN MOHAMMED is a twenty-two year old Trinadian American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants JOHN DOE and JANE DOE 1 through 10, were duly sworn traffic agents of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12. On November 15, 2011, at approximately 7:30 p.m., plaintiff was lawfully present on the porch of his home located at 35 Treadwell Avenue, Staten Island, New York.

13. At that time and place, plaintiff observed the defendant officers arresting his brother, Kevin Mohammed, in front of their home.

14. Concerned for his brother's welfare, plaintiff lawfully asked the defendant officers, in sum and substance, why they were arresting his brother.

15. In response to plaintiff's inquiry, a defendant officer stated in sum and substance, mind your own business.

16. Thereafter, three defendant officers walked onto plaintiff's porch. A defendant officer forcefully pushed plaintiff in the chest with two hands, causing him to fall backward striking his head on his neighbor's door, and then to fall forward onto the porch railing.

17. The defendant officers then held plaintiff onto the railing and struck plaintiff on the right side of his face.

18. A defendant officer then struck plaintiff on the left side of his face with a fist or an unidentified hard object.

19. The officers continued to brutally beat plaintiff, striking him three to four more times in the head, before grabbing plaintiff's hands, pulling them behind his back, handcuffing plaintiff and imprisoning him in a police vehicle.

20. Plaintiff immediately requested medical attention.

21. The defendant officers ignored plaintiff's requests for medical attention, leaving him imprisoned in the police vehicle for approximately one-half hour, and then inside the precinct for approximately an hour before, summoning medical assistance.

22. While the emergency medical technicians were present, the defendant officers and/or the emergency medical technicians indicated that there was nothing wrong with plaintiff.

23. In an attempt to indicate the seriousness of his injuries, plaintiff spit blood and a splinter of his tooth to the floor. A defendant officer pushed plaintiff to the floor and forcefully compelled plaintiff to wipe the floor clean with his jacket.

24. Plaintiff was then transported to Richmond University Medical Center, where he was diagnosed with an acute non-displaced fracture of his left mandible and a potential hairline fracture of his right mandible. Plaintiff was provided with a dose of pain medication at approximately 1:00 a.m.

25. Thereafter, plaintiff was released from the hospital and transported back to the police precinct and imprisoned therein.

26. At approximately 11:00 a.m. the next morning, in extreme pain, plaintiff requested medical attention.

27. A defendant officer responded to plaintiff's request by stating in sum and substance: Stop being a bitch, man up.

28. Plaintiff responded in sum and substance: I hope your son goes through this sometime so he can feel the pain I'm going through right now.

29. The defendant officer then unlocked plaintiff's cell, entered the cell, grabbed plaintiff by the neck and jaw, squeezed plaintiff's neck and jaw, slammed him to the ground, and left plaintiff lying on the cell floor in excruciating pain.

30. Plaintiff, in severe pain, continued to request medical attention throughout the rest of his imprisonment. The defendant officers ignored all of his requests.

31. The defendant officers imprisoned plaintiff until approximately 10:15 p.m. on

November 16, 2011, when the defendants released plaintiff without filing any charges against him.

32. The defendant NYPD officers JOHN and JANE DOE 1 through 10 participated in and/or failed to intervene in the illegal conduct described herein.

33. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, due to discrimination against plaintiff due to his race and/or nationality.

34. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, the right to free speech, and the requirements to arrest and detain individuals.

35. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

36. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37. As a result of the foregoing, plaintiff KEEGAN MOHAMMED sustained, *inter*

5

*alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights. Plaintiff was required to undergo extensive treatment, which included the wiring of his jaw, for the bilateral jaw fractures caused by the defendants herein.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

39. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40. All of the aforementioned acts deprived plaintiff KEEGAN MOHAMMED, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

6

municipality/authority, which is forbidden by the Constitution of the United States.

44. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

46. Defendants arrested plaintiff KEEGAN MOHAMMED without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

47. Defendants caused plaintiff KEEGAN MOHAMMED to be falsely arrested and unlawfully imprisoned.

48. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

50. The level of force employed by the defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff KEEGAN MOHAMMED'S constitutional

rights.

51. As a result of the aforementioned conduct of defendants, plaintiff KEEGAN MOHAMMED was subjected to excessive force and sustained physical and emotional injuries.

52. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

54. The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

55. As a result of the aforementioned conduct of defendants, plaintiff KEEGAN MOHAMMED was subjected to retaliation for the exercise of his First Amendment rights.

56. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

58. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

59. As a result of the foregoing, plaintiff KEEGAN MOHAMMED was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

60. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

61. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "62" with the same force and effect as if fully set forth herein

62. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

63. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

65. Defendants had an affirmative duty to intervene on behalf of plaintiff KEEGAN MOHAMMED, whose constitutional rights were being violated in their presence by other officers.

66. The defendants failed to intervene to prevent the unlawful conduct described herein.

67. As a result of the foregoing, plaintiff KEEGAN MOHAMMED'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to excessive force, handcuffing and other physical restraints.

68. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

70. The defendants falsely arrested, unlawfully imprisoned and subjected plaintiff KEEGAN MOHAMMED to excessive force because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

71. As a result of the foregoing, plaintiff KEEGAN MOHAMMED was deprived of his rights under the Equal Protection Clause of the United States Constitution.

72. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

74. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

75. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

77. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in

falsification, subjecting citizens to excessive force, arresting citizens without probable cause, and committing perjury and/or manufacturing evidence in an effort to convict such individuals, to cover up acts of brutality, and in retaliation against such individuals for exercising their right to freedom of speech.

79. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KEEGAN MOHAMMED'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEEGAN MOHAMMED.

81. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KEEGAN MOHAMMED as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEEGAN MOHAMMED as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KEEGAN MOHAMMED was unlawfully arrested, unlawfully imprisoned, subjected to excessive force, and denied medical attention.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEEGAN MOHAMMED'S constitutional rights.

85. All of the foregoing acts by defendants deprived plaintiff KEEGAN MOHAMMED of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest/unlawful imprisonment;

  C. To be free from excessive force;

  D. To be free from the failure to intervene;

  F. To be free from retaliation for the exercise of his First Amendment rights;

  H. To receive equal protection under law; and

  I. To be free from deliberate indifference to serious medical needs.

86. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

88. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

89. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

90. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

91. Plaintiff has complied with all conditions precedent to maintaining the instant action.

92. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

94. Defendants arrested plaintiff KEEGAN MOHAMMED without probable cause.

95. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

96. As a result of the aforementioned conduct, plaintiff KEEGAN MOHAMMED was unlawfully imprisoned in violation of the laws of the State of New York.

97. As a result of the aforementioned conduct, plaintiff KEEGAN MOHAMMED suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and

loss of freedom.

98. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

99. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

100. As a result of the foregoing, plaintiff KEEGAN MOHAMMED was placed in apprehension of imminent harmful and offensive bodily contact.

101. As a result of defendant's conduct, plaintiff KEEGAN MOHAMMED has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

102. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

103. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

104. Defendants made offensive contact with plaintiff KEEGAN MOHAMMED without privilege or consent.

105. As a result of defendants' conduct, plaintiff KEEGAN MOHAMMED has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

106. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A FOURTEENTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

107. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

108. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

109. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

110. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

111. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KEEGAN MOHAMMED.

112. As a result of the aforementioned conduct, plaintiff KEEGAN MOHAMMED

suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

113. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

114. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "115" with the same force and effect as if fully set forth herein.

115. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the use of excessive force against, and the arrest and imprisonment of plaintiff KEEGAN MOHAMMED.

116. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

117. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

118. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

119.  Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the use of excessive force against, and the arrest and imprisonment of plaintiff KEEGAN MOHAMMED.

120.  As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

121.  Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

122.  Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

123.  As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

124. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

125. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

126. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

127. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

128. As a result of defendants' conduct, plaintiff was deprived of his right to equal protection of laws.

129. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

130. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

131. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

132. As a result of the foregoing, plaintiff KEEGAN MOHAMMED is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KEEGAN MOHAMMED demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individually named defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
March 30, 2012

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff KEEGAN MOHAMMED

20